IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

CEARTHA HENDERSON                                                                                    PLAINTIFF

V.                                            4:08MC00007 JMM

WASHINGTON MUTUAL BANK, FA;
COUNTRYWIDE HOME LOANS SERVICING, L.P.;
And COUNTRYWIDE HOME LOANS, INC.                                                    DEFENDANTS

## ORDER

Pending is the Motion to Withdraw Reference and the Motion to Dismiss of Defendants Countrywide Home Loans Servicing, L.P. and Countrywide Home Loans, Inc. ("Countrywide" and "Defendant"). The Plaintiff has responded to the motions. In addition, Plaintiff has moved to amend her complaint. For the reasons set forth below, the Motion to Withdraw Reference is GRANTED, the Motion to Dismiss is DENIED, and the Motion to Amend is GRANTED.

The Plaintiff filed for bankruptcy on August 17, 2001. Washington Mutual Bank serviced Plaintiff's mortgage and filed a proof of claim. On December 28, 2006, the Bankruptcy Court entered two orders: an Order to Adjust Real Estate Mortgage and a second Order declaring the mortgage current. Both of these orders directed at Wells Fargo Home Mortgage ("Wells Fargo") declared the loan current, and directed the debtor to make payments directly to Wells Fargo. On January 2, 2007, Plaintiff's mortgage was transferred to Countrywide for servicing.

Plaintiff received a discharge on January 9, 2007. The Bankruptcy Court closed the case and relieved the Chapter 13 trustee of all duties on April 9, 2007. Although Plaintiff made her monthly payments on her mortgage from the date of discharge, Countrywide remitted a Notice of Default and Acceleration to Plaintiff on April 6, 2007 claiming, among other things, uncollected costs still due and owing on her mortgage loan.

Plaintiff moved to reopen her case in the Bankruptcy Court on August 2, 2007.  Plaintiff filed this Complaint on April 11, 2008.  Plaintiff alleges that these fees and costs should have been applied for under Rule 2016 of the Federal Rules of Bankruptcy Procedure and are, therefore, improper and per se unreasonable.  As such, Plaintiff argues that these fees and costs were discharged in her bankruptcy pursuant to 11 U.S.C. § 524 and that any attempt to collect the same is a violation of the Court's discharge injunction.  Plaintiff seeks relief under 11 U.S.C. § 105 for violations of the Orders.  Plaintiff also seeks declaratory relief and statutory damages for violation of the Fair Debt Collection Practices Act ("FDCPA").

Defendant asks this Court to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a).  Defendant contends that Plaintiff's claims have nothing to do with her previous bankruptcy.  Further, Defendant states that Plaintiff's inclusion of a federal cause of action under the FDCPA makes withdrawal mandatory.  In the alternative, Defendant contends that the permissive factors for withdrawal require the Court to withdraw the reference.

Plaintiff agrees to the withdrawal of the reference based upon judicial economy.  Plaintiff also states that she may wish to add other claims against the Defendants that would not have been proper in the Bankruptcy court.  Finally, Plaintiff and Defendant request a jury trial.

District Courts may refer cases under Title 11 to the Bankruptcy Court for disposition pursuant to 28 U.S.C. § 157(a). Under Section 157(d), however, the referred proceeding can be withdrawn from the Bankruptcy court and returned to the District Court under either a mandatory withdrawal or discretionary withdrawal basis. In providing for withdrawal, § 157(d) states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires a consideration both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

18 U.S.C. § 157(d). Because Countrywide has timely filed its motion for withdrawal and shown cause, the Court will grant the motion.

In her response to the Motion to Dismiss, Plaintiff requests leave to file an Amended Complaint to add additional claims and to clarify the original claims. For good cause shown, the Court GRANTS Plaintiff's motion. Plaintiff should file her Amended Complaint on or before August 8, 2008. Further, Defendant's Motion to Dismiss is DENIED without prejudice to re-filing after the Plaintiff has filed her Amended Complaint.

In conclusion, Countrywide's Motion to Withdraw Reference (Docket # 1) is GRANTED, Plaintiff's Motion to Amend is GRANTED, and Countrywide's Motion to Dismiss (Docket # 2) is DENIED without prejudice.

IT IS SO ORDERED this 16th day of July 2008.

_____
James M. Moody
United States District Judge